UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ADAM EUGENE MARTIN, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6:24-CV-100-CHB |
| v. | ) ) | |
| J. GILLEY, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Adam Eugene Martin is a federal inmate confined at the federal penitentiary in Pine Knot, Kentucky. Martin has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence based upon prior state convictions. [R. 1]. The Court must screen the petition before ordering a response. 28 U.S.C. § 2243; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

By way of background, in May 2024, Martin filed a brief handwritten § 2241 petition asserting the same claims. *See Martin v. Warden USP McCreary*, No. 3:24-CV-315-JHM (W.D. Ky. 2024), [R. 1 therein]. Following transfer to the proper court, the petition was dismissed upon initial review because Martin had not paid the required filing fee, filed his petition on the Court's approved form, or provided any meaningful information about his federal prosecution or the predicate offenses used to enhance his sentence. However, the Clerk sent Martin all the forms necessary to properly file a habeas corpus petition and seek pauper status. *See Martin v. Warden USP McCreary*, No. 6:24-CV-90-REW (E.D. Ky. 2024), [R. 7 therein].

Martin's petition in this case constitutes his second effort to challenge his federal sentence. *See* [R. 1, pp. 1–3]. However, like his first petition, Martin did not pay the required

$5.00 filing fee, did not file a motion to proceed *in forma pauperis*, and did not file his petition on a court-approved form. Martin's three-page handwritten petition is accompanied by a letter directed to the Clerk. *See* [R. 1-1]. Martin states that in June 2024 he sent in two 2241 petition forms "which may not have arrived" as well as "an Emergency Preliminary Injunction with another 2241 form about prison conditions." *See id*. In a separate declaration, styled as an affidavit, Martin states that he submitted a Form BP-199 to the Bureau of Prisons to have the $5.00 fee deducted from his inmate account and paid to the Court. *See* [R. 1-2, p. 1].[1]

When the Court received these documents in July 2024, only three days after they were mailed, *see* [R. 1, p. 1], the Court had not received any of the four documents Martin states that he mailed the month before. The Court has since received an additional habeas corpus petition, *see* [R. 6], and Martin's motion seeking injunctive relief, *see* [R. 5]. The Court has addressed these submissions in a separate Order. The Court has also since received payment of the filing fee owed for this case (although not for its predecessor) from a third party in Minnesota rather than from the Bureau of Prisons. Regardless of source, the fee has been paid and that obligation satisfied.

In light of its disposition of the matter, the Court will accept Martin's handwritten petition as the operative pleading in this matter. The Court conducts a preliminary review of Martin's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Martin's petition under a more lenient standard because he is not

---

[1] Martin filed a nearly identical copy of his petition, letter, and affidavit, which were received one day after the original. *See* [R. 4].

represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In 2004, a jury in Austin, Texas, convicted Martin on eight counts of actual or attempted armed robbery. Based in part upon Martin's prior convictions for several violent felonies, the trial court sentenced Martin to eight concurrent terms of life imprisonment. *United States v. Martin*, No. 1:03-CR-250-LY-1 (W.D. Tex. 2003). On appeal, the Fifth Circuit affirmed over Martin's numerous objections, including the enhancement of his sentence pursuant to the "three strikes" provision found in 18 U.S.C. § 3559(c). *United States v. Martin*, 431 F. 3d 846 (5th Cir. 2005), *cert. denied*, 547 U.S. 1059 (2006). Martin has challenged his conviction and sentence on numerous occasions in the years following. *Cf. Martin v. Houy*, No. 3:22-CV-854 (M.D. Pa. 2022), [R. 18 therein (relaying Martin's direct and collateral attacks upon his conviction and denying Section 2241 petition for lack of subject matter jurisdiction)].

In his present petition, Martin relies upon a recent Fifth Circuit decision, *United States v. Villarreal*, 87 F.4th 689 (5th Cir. 2023), to contend that his prior Texas conviction for robbery no longer qualifies as a predicate offense for a Section 3559(c) enhancement. [R. 1, p. 2]. He separately alleges that he did not use a weapon during the robbery, and his conviction therefore does not constitute a qualifying offense. Finally, he alleges that this Texas offense was a misdemeanor, not a felony, because the information filed in the state proceedings did not allege the amount of the theft. [R. 1, p. 3]. Martin does not attempt to undermine the validity of the several other offenses undergirding Section 3559's application.

The Court must dismiss the petition because it lacks jurisdiction to entertain Martin's claims. The United States Supreme Court has recently made clear that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [§ 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 476 (2023). Rather, "the inability of a prisoner with a statutory claim to satisfy [§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

Faced with a claim like Martin's, the Sixth Circuit has held that the decision in *Jones* entirely prevents a prisoner from utilizing Section 2241 to challenge a sentencing enhancement based upon a new statutory interpretation regarding the underlying offenses:

> [Petitioner] argued that he is actually innocent of the ACCA enhancement because his prior Alabama state convictions for third-degree burglary are no longer proper predicate offenses for the enhancement. In recent years, we have interpreted the saving clause as allowing a federal prisoner to seek relief under § 2241 rather than § 2255 if his sentencing challenge is based on a retroactively applicable statutory interpretation that could not have been raised previously and the alleged sentencing error is "sufficiently grave." The Supreme Court has now repudiated that interpretation of the saving clause. Garner challenges the legality of his sentence, and he relies on cases that interpret the ACCA. *Jones* prohibits Garner from raising such claims in a § 2241 petition.

*Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *1–2 (6th Cir. Aug. 23, 2023) (cleaned up). Several courts have recently applied *Jones* to dismiss claims like Martin's challenging sentence enhancements under Section 3559(c). *See Hardy v. Streeval*, No. 7:22CV00430, 2024 WL 1607501, at *3 (W.D. Va. Apr. 12, 2024); *Rarey v. Gutierrez*, No. 22-CV-350-TUC-SHR (JR), 2023 WL 5353214, at *3–4 (D. Ariz. July 19, 2023), *report and recommendation adopted*, 2023 WL 5348578 (D. Ariz. Aug. 21, 2023). Because *Jones* makes clear that the Court cannot entertain Martin's claims, the petition will be dismissed.

Accordingly, it is **ORDERED** as follows:

- 5 -

    1.    Adam Eugene Martin's petition for a writ of habeas corpus **[R. 1]** is **DISMISSED** for lack of subject matter jurisdiction; and

    2.    The Court will enter judgment contemporaneously herewith.

This the 18th day of July, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY